UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH CORSETTI,

          Petitioner,          Case No. 13-cv-14138

v          Honorable Thomas L. Ludington

LLOYD RAPELJE,

          Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas cause under 28 U.S.C. § 2254. Petitioner Joseph Corsetti is a state inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan. In his *pro se* petition, Petitioner challenges the Michigan Parole Board's decision to suspend its decision conditionally granting him release on parole. For the reasons that follow, the petition will be denied and the matter dismissed.

**I**.

Petitioner pleaded guilty in Macomb County Circuit Court to unarmed robbery and escape from jail. He was sentenced on November 8, 2011, to seven months to four years in prison for the escape conviction and thirty-eight months to fifteen years in prison for the unarmed robbery conviction.

On February 15, 2012, the Michigan Parole Board issued a Notice of Decision granting Petitioner release on parole contingent upon his successful completion of a program with the

Michigan Prisoner ReEntry Initiative (MPRI). His projected parole date was September 19, 2013.

On April 19, 2013, the Michigan Parole Board suspended its decision granting parole because Petitioner incurred a misconduct. Petitioner argues that the suspension of his release on parole violates his right to due process.

## II

### A

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.") The instant habeas petition does not present grounds that may establish the violation of a federal constitutional right, and therefore the petition will be dismissed.

### B

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Supreme Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . [A]n unreasonable application of federal law is different from an incorrect application of federal law . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

## C

To demonstrate that he is entitled to habeas relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). The United States Supreme Court has definitively held that a lawfully convicted person does not have a right under the United States Constitution to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that such a liberty interest may be created by a State's laws and subject to constitutional protection. *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Thompson*, 490 U.S. at 461. "Stated simply," the Court explained, "a State creates a protected liberty interest by placing substantive limitations on official discretion." *Id.* at 462 (quotations omitted). As the Supreme Court further advised:

> A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id.* (citing *Hewitt*, 459 U.S. at 472). To find a liberty interest that arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' i.e., specific

directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72).

Applying these standards, the Michigan courts have held that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't of Corr. Parole Bd.*, 325 N.W.2d 615, 617 (Mich. Ct. App. 1982) (ruling that state law "creates only a hope of early release," rather than a right to release; *see also Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). The United States Court of Appeals for the Sixth Circuit has also consistently held that Michigan's statutory parole scheme does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994)(en banc); *see also Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006); *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001).

In addition, the fact that the Michigan Parole Board set a conditional date for release on parole did not create a liberty interest in release on parole. In *Jago v. Van Curen*, 454 U.S. 14, 14-18 (1981), the Ohio Adult Parole Authority ("OAPA") ordered a prisoner's release on parole on a date certain. The prisoner attended and completed required prison pre-release classes. Before the prisoner was released from prison on parole, the OAPA learned that the prisoner had not been truthful in his parole interview or in the parole plan submitted to his parole officers and, therefore, rescinded its earlier release decision. The Supreme Court recognized that the new parole decision visited a 'grievous loss" on the prisoner but, nevertheless, held that because the prisoner had not been physically released from prison, and because Ohio law allowed for the suspension or rescission of a projected parole release at any time before the prisoner was actually

physically released, the prisoner did not have a protected liberty interest in release sufficient to invoke the procedural protections of the Due Process Clause. *Id*. at 17.

Mich. Comp. Laws § 791.236(2) provides that: "[A] parole order may be amended or rescinded at the discretion of the parole board for cause." There is nothing in the Michigan statutes or regulations that limit the Michigan Parole Board's discretion during the period between the announcement of an inmate's parole date and the inmate's actual release on parole. *See Hughes v. White*, 2003 WL 21911216, at *3 (E.D. Mich. July 30, 2003). In this case, although Petitioner had been informed that he was going to be paroled, his expectation that he would be paroled was not a liberty interest protected by the Due Process Clause. *Jago*, 454 U.S. at 17. Petitioner is not entitled to habeas relief.

### III

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if a petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted in this case. Petitioner is not entitled to leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### IV

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

Accordingly, the petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

                                                                                    s/Thomas L. Ludington
                                                                                    THOMAS L. LUDINGTON
                                                                                    United States District Judge

Dated: December 13, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Joseph Corsetti #140643, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 by first class mail on December 13, 2013.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS

---