UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH CORSETTI,

        Petitioner,               Case No. 13-cv-14138

v                                      Honorable Thomas L. Ludington

KENNETH MCKEE,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner Joseph Corsetti is a Michigan prison inmate serving a sentence for unarmed robbery and escape from jail. On September 27, 2013, he filed a petition seeking habeas relief under 28 U.S.C. § 2254, claiming that the Michigan parole board's decision denying him parole violated his due process rights under the Fourteenth Amendment.

On December 13, 2013, this Court determined Michigan law does not provide Corsetti with a liberty interest in parole, and therefore his due process claim was without merit. On December 23, 2013, Corsetti timely filed a motion for reconsideration, explaining that his habeas petition concerned a procedural due process claim—specifically, that he was denied a fair parole hearing in retaliation for filing numerous grievances and lawsuits. Because Corsetti has not shown a "palpable defect" in the Court's order denying his habeas petition, Corsetti's motion for reconsideration will be denied.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result

in a different disposition of the case." *Michgan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id.* (quoting E.D. Mich. 7.1(h)(3)).

## II

Corsetti appears to advance two arguments in his motion for reconsideration. First, he claims the parole board's decision denying him parole violated his procedural due process rights. Second, he claims that "[i]n some instances, parole practices may violate other constitutional rights," and "[i]ndividual parole decision [sic] may also deny equal protection." The Court will construe these two statements as a claim for violation of Corsetti's equal protection rights.

### A

Corsetti claims that the parole board's decision to deny him parole was "not a fair or just decision" because the denial was "in fact in retaliation against the Petitioner for exercising his Constitutional Right to seek access to the courts . . . ." Mot. for Reconsideration 2. Corsetti is involved in "over 100 Parole Appeals against the Michigan Parole Board" and serves as "a Class Representative in a Class Action against the Michigan Department of Corrections, Hearing's Division . . . ." *Id.* at 4. Corsetti claims that the Michigan parole board denied his parole in retaliation for bringing these lawsuits.

The Due Process Clause of the Fourteenth Amendment prohibits "any State [from] depriv[ing] any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. "No right to due process arises, under this language, except where a state

undertakes to deprive a person of one or more of the three interests specified: life, liberty, or property." *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

As explained in the Court's December 12, 2013 order, Michigan courts have concluded that a prisoner does not have a liberty interest in parole under Michigan law. *See Hurst v. Dep't of Corr. Parole Bd.*, 325 N.W.2d 615, 617 (Mich. Ct. App. 1982) (ruling that state law "creates only a hope of early release," rather than a right to release). In addition, the Sixth Circuit has also consistently held that Michigan's statutory parole scheme does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994).

Corsetti does not contest the Court's conclusion that the he does not have a liberty interest in parole under Michigan law. Instead, he argues that he has a due process right to be protected from wholly arbitrary decisions by the parole board, which in this case he identified as retaliation for filing grievances against the Michigan Department of Corrections. The retaliation and denial, he maintains, were sufficiently irrational to "shock the conscience" and thereby violate due process under the authority of *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

Under Sixth Circuit caselaw, however, Corsetti cannot assert a claim for procedural due process because he does not have a liberty interest at stake. *Allen v. Stepp*, 27 F. App'x 521, 523 (6th Cir. 2001) ("Without any right to parole, [the petitioner] cannot invoke the procedural guarantees of the Due Process Clause."). As the Supreme Court explained in *Olim v. Wakinekona*, 461 U.S. 238 (1983): "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Id.* at 250; *see also TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 793 (6th Cir. 2005) (A party "cannot have a protected property interest in the procedure itself" without an attendant liberty or

property interest.). Accordingly, because Corsetti does not have a liberty interest in parole, he is not entitled to procedural due process when the parole board determines whether to grant parole. *Banner v. Bradley*, 28 F.3d 1213, at *3 (6th Cir. 1994) ("We think it clear that a prisoner cannot have a federally protected right to a parole hearing where, as here, he does not have a federally protected liberty interest in parole."); *see also Bell v. Anderson*, 301 F. App'x 459, 462 (2008).

In making his claim, Corsetti cites to *Graziano v. Patacki*, 2006 WL 2023082, at *8 (S.D.N.Y. 2006), in which a New York district court held that "there exists a Constitutional right to have a parole decision made in accordance with the statute." However, other courts in the Second Circuit have declined to accept *Graziano*'s reasoning, instead holding that there is no constitutional entitlement to procedural due process without a liberty interest. *See West v. Alexander*, 2009 WL 5172960, at *4 (E.D.N.Y. Dec. 30, 2009); *Mathie v. Dennison*, 2007 WL 2351072, at *7 n. 4 (S.D.N.Y. Aug. 16, 2007); *Standley v. Dennison*, 2007 WL 2406909, at *11 (N.D.N.Y. Aug. 21, 2007) (explaining that *Graziano* fails to cite any authority for such a proposition). The Court does not find *Graziano* persuasive, especially in light of Sixth Circuit caselaw that contradicts its holding. *See Banner*, 28 F.3d 1213, at *3.

In sum, Corsetti does not have a liberty interest in parole, and therefore he cannot maintain a procedural due process claim.

**B**

Corsetti also seems to argue that the parole's board's decision to deny him parole may have violated his Equal Protection rights. He claims that "[d]iscrimination without rational basis in parole practices may violate the Equal Protection Clause," and that "[i]ndividual parole decision may also deny equal protection . . . ." Mot. for Reconsideration 3 (emphasis added). The

Court will construe these sentences as allegations that the parole board violated Corsetti's equal protection rights.

The Equal Protection Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005). Nevertheless, "to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Id.*

As explained above, there is no fundamental right to parole, *id.*, and prisoners are not a suspect class. *Kissane v. Jones*, 89 F. App'x 577, 578 (6th Cir. 2004). Because neither a suspect class nor a constitutional right is involved in this claim, the parole board's decision to deny Corsetti parole need only satisfy the rational basis test. *Id.*

Under the rational basis test, a "plaintiff may demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will." *Davis v. Prison Health Services*, 679 F.3d 433, 438 (6th Cir. 2012). The State, in contrast, bears no burden of proof and its decision is presumptively valid. *TriHealth*, 430 F.3d at 790. An equal protection claim will only be viable if the State's action is shown to be irrational. *Id.*

In this case, Corsetti has not made any arguments with respect to an equal protection claim and, consequently, he has not met his burden of demonstrating that the government lacked a rational basis for its action. Corsetti has not alleged that similarly-situated prisoners were treated differently, nor has he provided facts that the parole board's decision was the result of ill-will. Corsetti does not even explicitly allege that the parole board violated his equal protection

rights, just that it is possible for a parole board to do so. Accordingly, Corsetti's equal protection claim is without merit.

### III

Corsetti's motion for reconsideration does nothing to undermine the Court's conclusion in its opinion and order dated December 12, 2013. He has not demonstrated any palpable defect by which the Court was misled, and his motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Corsetti's motion for reconsideration, ECF No. 11, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph Corsetti #140643 at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on March 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS